UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

JOHN R. WHINFIELD,                                Civil Action No.:_____

             Plaintiff,

vs.

CAPITAS DISTRIBUTORS, INC.,

             Defendant.                    May 30, 2012

---

## NOTICE OF REMOVAL

TO:    Clerk of the District Court         Civil Clerk's Office
       U.S. District Court              Superior Court
       District of Connecticut          Judicial District of Hartford
       450 Main Street                95 Washington Street
       Hartford, CT 06103            Hartford, CT 06106

       James G. Green
       Jenifer E. Wheelock
       McElroy, Deutsch, Mulvaney & Carpenter, LLP
       One State Street
       14th Floor
       Hartford, CT 06103

       PLEASE TAKE NOTICE that Defendant Capitas Distributors, Inc. removes this action

to the United States District Court for the District of Connecticut pursuant to 28 U.S.C § 1332(a)

and (c), § 1441(a), § 1446(a), (b) and (d).   The grounds for removal are as follows:

       1.      Plaintiff John R. Whinfield commenced this action on May 1, 2012, in the

Superior Court for the Judicial District of Hartford at Hartford by serving Capitas Distributors,

Inc. with a Summons and Complaint.

1

2. Attached hereto as **Exhibit A** are true and correct copies of the Summons and Complaint.

3. No further proceedings have taken place in this action since receipt of the Summons and Complaint by Capitas Distributors, Inc.

4. As set forth in the Complaint prepared by his counsel, Plaintiff John R. Whinfield is and was, at the commencement of this action an adult residing in Cheshire, Connecticut. He, therefore, is a resident, domiciliary and citizen of the State of Connecticut and no other state.

5. Defendant Capitas Distributors, Inc. is and was, at the commencement of this action, a Delaware corporation with its principal place of business located in Coon Rapids, Minnesota. Thus, Capitas Distributors, Inc. is a citizen of the states of Delaware and Minnesota, and not Connecticut.

6. Defendant brings this Notice Of Removal pursuant to 28 U.S.C. § 1441.

7. 28 U.S.C. § 1441 provides the basis for removal jurisdiction of this Court in this action. That section provides, in pertinent part, as follows:

> ... any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant... to the district court of the United States for the district and division embracing the place where such action is pending.

8. The state action herein is within the original jurisdiction of this Court based upon diversity of citizenship jurisdiction pursuant to 28 U.S.C. §1332, which provides, in pertinent part, as follows:

> (a)  The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between -

2

(1)    citizens of different States, ...

(c)    For the purpose of this section and section 1441 of
       this title -

(1)    A corporation shall be deemed to be a citizen of any State by
       which it has been incorporated and of the State where it has its
       principal place of business ...

9.    As set forth herein, Whinfield is a citizen of the state of Connecticut.  As also is set forth herein, Defendant Capitas Distributors, Inc. is a citizen of the states of Delaware and Minnesota.  Therefore, complete diversity of citizenship exists between the parties.

10.    The amount in controversy sought is believed to be in excess of $75,000.00 in damages.  In paragraph 16 of the Complaint, attached hereto as **Exhibit A**, Plaintiff alleges he has suffered damages of $111,000.00.  Plaintiff is also seeking additional damages of an unknown amount for "profit calculations."

11.    This Notice of Removal is timely because it has been filed within thirty (30) days after Defendant Capitas Distributors, Inc. received a copy of the Summons and Complaint.  28 U.S.C. § 1446(b).

12.    The underlying state court action is one that may be removed to this Court by the defendant pursuant to the provisions of 28 U.S.C. § 1441 because the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states.

13.    The district embracing the place where such action is pending is the United States District Court for the District of Connecticut.  *See* 28 U.S.C. § 1441(a).

14.    Removal from the state court to the federal court is appropriate pursuant to the provisions of 28 U.S.C. §§1441(a) and 1446(d).

MEI 13521734v.1

15.     Defendant submits this Notice without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pleaded claims upon which relief may be granted.

16.     Defendant is filing contemporaneously with this Notice of Removal, a copy of this Notice with the Clerk of Courts, District of Hartford, Connecticut. A copy of Defendant's Notice of Filing of Removal, filed with the Clerk of Courts, Judicial District of Hartford at Hartford, Connecticut is attached hereto as **Exhibit B**.

WHEREFORE, Defendant, having provided notice as required by law, now removes the above-captioned action from the Superior Court for the Judicial District of Hartford at Hartford to the United States District Court for the District of Connecticut.

DATED this 30th day of May, 2012.

ME1 13521734v.1

**ATTORNEYS FOR DEFENDANT**
**CAPITAS DISTRIBUTORS, INC.**

By: _____

Pamela J. Moore (CT 08671)
Kelly Burns Gallagher (CT 27845)
MCCARTER & ENGLISH, LLP
City Place I
185 Asylum Street
Hartford, CT 06103
Telephone: 860-275-6700
Facsimile: 860-724-3397
Email: pmoore@mccarter.com
Email: kgallagher@mccarter.com

Natalie Wyatt-Brown (Minn. Bar. No. 260757)
(application for admission pro hac vice pending)
HALLELAND HABICHT, P.A.
33 South Sixth Street, Suite 3900
Minneapolis, MN 55402
Telephone: 612-836-5510
Email: nwyatt-brown@hallelandhabicht.com

5

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been sent via U.S. mail, postage pre-paid, this 30th day of May to:

James G. Green
Jenifer E. Wheelock
McElroy, Deutsch, Mulvaney & Carpenter, LLP
One State Street
14th Floor
Hartford, CT 06103


Kelly Burns Gallagher

ME1 13521734v.1

# EXHIBIT A

# SUMMONS - CIVIL

JD-CV-1    Rev. 6-11
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs. 3-1 through 3-21, 8-1

### STATE OF CONNECTICUT
## SUPERIOR COURT
www.jud.ct.gov

**See page 2 for instructions**

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

- [ ] "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
- [x] "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
- [ ] "X" if claiming other relief in addition to or in lieu of money or damages.

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 95 Washington Street, Hartford, CT 06106 | ( 860 )548-2700 | May 29, 2012 <br> Month / Day / Year |

| | At *(Town in which writ is returnable)* (C.G.S. §§ 51-346, 51-349) | Case type code *(See list on page 2)* |
|---|---|---|
| [x] Judicial District  [ ] Housing Session  G.A. Number: | Hartford | Major: C    Minor: 90 |

### For the Plaintiff(s) please enter the appearance of:

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(to be entered by attorney only)* |
|---|---|
| McElroy, Deutsch, Mulvaney & Carpenter, LLP, One State Street, 14th FL, Hartford, CT 06103 | 101812 |

| Telephone number *(with area code)* | Signature of Plaintiff *(If self-represented)* |
|---|---|
| ( 860 ) 522-5175 | |

Number of Plaintiffs: 1    Number of Defendants: 1    [ ] Form JD-CV-2 attached for additional parties

| Parties | Name *(Last, First, Middle Initial)* and Address of Each party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|
| First Plaintiff | Name:  John R. Whinfield <br> Address: 271 Preston Terrace, Cheshire, CT 06410 | P-01 |
| Additional Plaintiff | Name: <br> Address: | P-02 |
| First Defendant | Name:  Capitas Distributors, Inc. <br> Address: 200 Coon Rapids Boulevard, NW, Suite 300, Minneapolis, MN 55433; c/o Agent for Service: The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801 | D-01 |
| Additional Defendant | Name: <br> Address: | D-02 |
| Additional Defendant | Name: <br> Address: | D-03 |
| Additional Defendant | Name: <br> Address: | |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at *www.jud.ct.gov* under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at *www.jud.ct.gov* under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. The Clerk of Court is not allowed to give advice on legal questions.

| Signed *(Sign and "X" proper box)* | [x] Commissioner of the Superior Court [ ] Assistant Clerk | Name of Person Signing at Left <br> James G. Green, Jr. | Date signed <br> 04/26/2012 |
|---|---|---|---|

| If this Summons is signed by a Clerk: | For Court Use Only |
|---|---|
| a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts. <br> b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law. <br> c. The Clerk is not permitted to give any legal advice in connection with any lawsuit. <br> d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | File Date |

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | Date |
|---|---|---|

Name and address of person recognized to prosecute in the amount of $250

Liza Aponte, One State Street, 14th Floor, Hartford, CT 06103

| Signed *(Official taking recognizance; "X" proper box)* | [x] Commissioner of the Superior Court [ ] Assistant Clerk | Date <br> 04/26/2012 | Docket Number |
|---|---|---|---|

*(Page 1 of 2)*

RETURN DATE: MAY 29, 2012      :    SUPERIOR COURT

                                  :

JOHN R. WHINFIELD            :    JUDICIAL DISTRICT OF HARTFORD

                                    :

VS.                                   :    AT HARTFORD

                                    :

CAPITAS DISTRIBUTORS, INC.    :    APRIL 26, 2012

## COMPLAINT

### Count One (Breach of Employment Agreement)

      1.    At all relevant times hereto, the plaintiff John R. Whinfield ("Whinfield"), is an individual residing at 271 Preston Terrace, Cheshire, Connecticut 06410.

      2.    At all relevant times hereto, the defendant Capitas Distributors, Inc. ("CDI"), is a corporation organized and existing under the laws of the State of Delaware, with a business address located at 200 Coon Rapids Boulevard, NW, Suite 300, Minneapolis, Minnesota 55433.

      3. CDI is a distribution company that focuses on life insurance sales in financial institutions. CDI employs insurance point-of-sale professionals (e.g., Sales Vice Presidents) working primarily in the institutional marketplace.

      4. On or about August 11, 2010, Whinfield commenced employment with CDI, in the capacity of Sales Vice President, and was responsible for selling life insurance products on behalf of CDI.

      5. Prior to commencing employment, Whinfield entered into a *Sales Vice President Employment Agreement* ("Employment Agreement") with CDI on August 5, 2010. The Employment Agreement set forth terms under which Whinfield was to be paid commissions earned and allotted monthly business expenses.

6. On or about November 1, 2011 Whinfield sold insurance policies to Alfred Lenoci, Sr. and Alfred Lenoci, Jr. (the "Lenoci cases") and became entitled to a commission on each case pursuant to ¶ 2.1 of the Employment Agreement.

7. Paragraph 2.1 of the Employment Agreement reads as follows:

> **Commission.** CDI shall pay to the Employee at the end of each month a commission payment ("Commission") equal to the product of forty-five (45%) of all Profits (as defined below) attributable to the Employee. For purposes of this Agreement, the term "Profits" shall mean all revenue that CDI receives from the Products sold by the Employee less the aggregate amount of the Expenses (as defined in Section 2.3) paid to the Employee during the then current calendar month. All Commission payments will be paid to the Employee less regular deductions and withholdings.

8. To date, CDI has failed to provide Whinfield with an accounting of the revenue it received from the Lenoci cases in accordance with ¶ 2.1 of the Employment Agreement.

9. To date, CDI has failed to perform profit calculations in relation to the Lenoci cases in accordance with ¶ 2.1 of the Employment Agreement.

10. To date, CDI has failed to render commission payments due and owing to Whinfield in relation to the Lenoci cases.

11. In addition, CDI contends that it is entitled to deduct from any commissions paid on the Lenoci cases to Whinfield, all necessary business expenses reimbursed to Whinfield in accordance with ¶ 2.1 of the Employment Agreement. Monthly expenses are defined in ¶ 2.3(b) of the Employment Agreement as "reimbursement payments from CDI for gas, phone, travel and entertainment incurred in connection with the services provided pursuant to this Agreement."

12. The aforementioned contention is contrary to the CDI expense policy as

referenced in Whinfield's July 4, 2010 offer of employment which provides that during the first six months of Whinfield's employment, he was to receive an expense allowance at a fixed rate of $3,500.00.

13. Whinfield's initial six month allowance, totaling $21,000.00, is not a reimbursable expense.

14. Nevertheless, CDI is seeking to recoup from Whinfield's commissions on the Lenoci cases $21,000.00 which it is not entitled to recover pursuant to the terms of its offer of employment to Whinfield.

15. CDI is in breach of the Employment Agreement for its failure to pay commissions to Whinfield on the Lenoci cases.

16. As a direct result of CDI's breach of the Employment Agreement, Whinfield has suffered damages in the amount of $111,000.00 which represents the combined commissions he earned on the Lenoci cases less the aggregate amount of expenses paid to Whinfield, not inclusive of the $21,000.00 allowance he was provided.

## Count Two (Equitable Action for Accounting)

1.-15. The allegations of paragraphs 1-15 of Count One are incorporated herein as paragraphs 1-15 of this Count Two as if fully alleged and set forth herein.

16. Whinfield is entitled to an accounting of revenue received by CDI from the Lenoci cases, in accordance with ¶ 2.1 of the Employment Agreement, at common law and pursuant to C.G.S. § 52-401.

17. In the accounting requested in the Count, Whinfield is entitled to

profit calculations in accordance with ¶ 2.1 of the Employment Agreement.

18.  Judicial settlement of the commissions owing to Whinfield, in connection with the Lenoci cases, is necessary so that said commissions may be distributed according to law.

## Count Three (Declaratory Judgment – Restrictive Covenants Are Unenforceable)

1.-15.  The allegations of paragraphs 1-15 of Count One are incorporated herein as paragraphs 1-15 of this Count Three as if fully alleged and set forth herein.

16.  The parties' Employment Agreement contains restrictive covenants regarding solicitation of business and competition in the marketplace.

17.  Paragraph 7 of the Employment Agreement contains non-solicitation covenants which sets forth the following:

> **Non-Solicitation Covenants.** In consideration of the amounts to be paid to the Employer hereunder, the Employee covenants that the Employee shall, during the term of this Agreement, and for two (2) years following the termination or expiration of this Agreement, comply with the following separate and independent covenants:
>
> (a)  The Employee will not, without CDI's prior written consent, either directly or indirectly, on the Employee's own behalf or in the service or on behalf of others, solicit, divert, or appropriate, any person or entity that was a National Account, a Regional Account or a registered representative of a National Account or Regional Account of CDI during the term of this Agreement.
>
> (b) The Employee will not, without CDI's prior written consent, either directly or indirectly, on the Employee's own behalf or in the service or on behalf of others, solicit, divert, or hire away, or attempt to solicit, divert or hire away, any person employed by CDI, Capitas or any affiliate of CDI or Capitas, whether or not such person is full-time or a temporary employee or agent and whether or not such employment or contractor relationship is pursuant to a written agreement.

18. Paragraph 8 of the Employment Agreement contains a non-compete agreement

which sets forth the following:

**Non-Compete Agreement.**

(a) **Definition.** For purposes of this Section 8, the term "Competitive Business" shall mean any business that, directly or indirectly, calls on, solicits, acts as agent for, or attempts to provide Products or services similar to those provided by CDI, Capitas or any other affiliate of CDI.

(b) **Prohibition; Term.** The Employee promises and agrees that if, during the term of this Agreement and for six (6) months following the termination or expiration of this Agreement, the Employee leaves the employment of CDI for any reason or for no reason at all, the Employee shall not, directly or indirectly, as an individual, partner, member, shareholder, director, officer, manager or any other relationship or capacity whatsoever:

(i) engage in or otherwise be involved in any Competitive Business;

(ii) render any services or information to or otherwise assist any other person, corporation, limited liability company, partnership, entity, enterprise, business, trust or association including, without limitation, an insurance company engaged in any Competitive Business; or

(iii) engage in or otherwise be involved in any activity which interferes with or harms CDI's and/or Capitas' National Accounts or Regional Accounts.

(c) **Geographic Scope.** The obligations of the Employee under this Section 8 shall apply to any geographic area in which CDI, Capitas, any other affiliate of CDI: (a) has engaged in business during the term of this Agreement whether by providing services or promoting, selling or marketing such services or otherwise; or (b) has otherwise established its goodwill, business reputation or any customer or insurance carrier relations.

(d) **Consideration for Non-Compete.** The Employee understands and agrees that CDI's offer of employment constitutes independent and sufficient consideration for this non-compete provision. The Employee acknowledges that the request for this non-compete provision was made in the initial offer of employment that the Employee received from CDI. Executive will not challenge the independent nature of sufficiency of this consideration, either during the term of the Employee's employment with CDI or at any time thereafter.

19. The aforementioned restrictive covenants are overly broad.

20. Accordingly, this Court should declare these restrictive covenants unenforceable.

21. The rights of the parties under this Agreement can only be determined by declaratory judgment.

22. All persons having an interest in the subject matter of this dispute have been joined as parties to this action.

23. Whinfield seeks a declaration of his rights and the rights of CDI in connection with these restrictive covenants contained within the Employment Agreement.

## Count Four (Declaratory Judgment – Restrictive Covenants Are Non-Binding)

1.-18. The allegations of paragraphs 1-18 of Count Three are incorporated herein as paragraphs 1-18 of this Count Four as if fully alleged and set forth herein.

19. CDI has materially breached the Employment Agreement.

20. Accordingly, this Court should declare that the aforementioned restrictive covenants are non-binding with respect to Whinfield.

21. The rights of the parties under this Agreement can only be determined by declaratory judgment.

22. All persons having an interest in the subject matter of this dispute have been joined as parties to this action.

23. Whinfield seeks a declaration of his rights and the rights of CDI in connection with these restrictive covenants contained within the Employment Agreement.

WHEREFORE, the plaintiff claims:

1. in relation to Count One, damages for breach of the Employment Agreement;

2. in relation to Count One, attorney's fees, costs and such other relief the Court deems appropriate;

3. in relation to Count Two, a full and formal accounting of revenue received by CDI from the Lenoci cases, which is to include profit calculations as specified herein;

4. in relation to Count Two, a judgment in favor of the plaintiff in the sum found to be due to him on such accounting;

5. in relation to Count Two, prejudgment interest, attorney's fees, punitive damages and costs;

6. in relation to Count Three, a declaration that the restrictive covenants contained within the Employment Agreement are overly broad and unenforceable;

7. in relation to Count Four, a declaration that the plaintiff cannot be bound to the restrictive covenants within the Employment Agreement given the defendant's material breach of said agreement.

PLAINTIFF,
JOHN R. WHINFIELD

By: _James Green_

James G. Green, Jr., Esq.
Jennifer E. Wheelock, Esq.
McElroy, Deutsch, Mulvaney &
Carpenter, LLP
One State Street, 14th Floor
Hartford, CT 06103
Tel. No. 860-522-5175
Fax No. 860-522-2796
jgreen@mdmc-law.com
jwheelock@mdmc-law.com
Juris No. 101812

**EXHIBIT B**

DOCKET NO.: HHD-CV-12-6031717-S

| | | |
|---|---|---|
| JOHN R. WHINFIELD | ) | SUPERIOR COURT |
| | ) | |
| Plaintiff, | ) | JUDICIAL DISTRICT OF HARTFORD |
| | ) | |
| | ) | AT HARTFORD |
| | ) | |
| v. | ) | |
| | ) | |
| CAPITAS DISTRIBUTORS, INC. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | MAY 30, 2012 |

## <u>NOTICE OF FILING NOTICE OF REMOVAL</u>

To:    Civil Clerk's Office                    James G. Green, Jr.
        Superior Court                          Jennifer E. Wheelock
        Judicial District of Hartford          McElroy, Deutsch, Mulvaney
        at Hartford                             & Carpenter, LLP
        95 Washington Street                   One State Street, 14th Floor
        Hartford, CT 06106                     Hartford, CT 06103

PLEASE TAKE NOTICE that this case, previously pending in the Superior Court of

Connecticut, Judicial District of Hartford at Hartford, has been removed by Defendant to the

United States District Court for the District of Connecticut. A copy of the Notice of Removal

that has been directed today to the United States Court for the District of Connecticut is attached

hereto as **Exhibit A**. This copy is filed with you as to effect such removal in accordance with 28

U.S.C. Section 1146(d).

THE DEFENDANT,

CAPITAS DISTRIBUTORS, INC.

BY McCARTER & ENGLISH, LLP
ITS ATTORNEYS

By _____
　　Pamela J. Moore
　　Kelly Burns Gallagher
　　McCarter & English, LLP
　　CityPlace I
　　Hartford, CT  06103
　　Tel: (860) 275-6700
　　Fax: (860) 724-3397
　　Juris No. 419091

ME1 13489947v.1

**CERTIFICATE OF SERVICE**

This certifies that on this 30th day of May, 2012 a copy of the foregoing was mailed by

first class mail, postage prepaid, to:

James G. Green, Jr., Esq.
Jennifer E. Wheelock, Esq.
McElroy, Deutsch, Mulvaney & Carpenter, LLP
One State Street, 14th Floor
Hartford, CT 06103

A copy of the foregoing has been sent via hand delivery, this 30th day of May, 2012 to:

Clerk
United States District Court
District of Connecticut
450 Main Street
Hartford, CT 06103

Kelly Burns Gallagher

ME1 13489947v.1

 **State of Connecticut**
**Judicial Branch** 

**Instructions:** Additional information about this transaction is provided below. Use the browser's print function to print a copy of this Confirmation. Then, select the "Back to E-Filing Menu" or "Logout".

| Print | Back to E-Filing Menu | Logout |
|---|---|---|

### Confirmation of E-Filing

| | |
|---|---|
| **Docket Number:** | HHD-CV-12-6031717-S |
| **Case Name:** | WHINFIELD, JOHN v. CAPITAL DISTRIBUTORS |
| **Type of Transaction:** | Pleading/Motion/Other |
| **Date Filed:** | May-30-2012 |
| **Motion/Pleading by:** | MCCARTER & ENGLISH LLP Juris# 419091 |
| **Document Filed:** | NOTICE OF REMOVAL TO FEDERAL DISTRICT COURT |
| | |
| **Date and Time of Transaction:** | Wednesday, May 30, 2012 12:54:46 PM |

| E-File Another Pleading/Motion/Other on this Case |
|---|